HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square, Room 8.141
150 M Street NE
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Adrian Fontes, in his Official Capacity as Secretary of State for the State of Arizona,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT** |

1

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the Secretary of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).

## I. JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

## II. PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(a); and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendant Secretary of State of Arizona, Adrian Fontes, is sued in his official capacity as chief state election official responsible for coordinating Arizona's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; A.R.S. § 16-142(a)(1). Fontes is sued in his official capacity only.

## III. BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Arizona compliance with federal election law, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

**The National Voter Registration Act**

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant Fontes is the chief election official of the State of Arizona.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible

voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4)

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

### The Civil Rights Act of 1960

16. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

17. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

18. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by [section 301] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having

custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative." 52 U.S.C. § 20703.

## IV.   FACTUAL ALLEGATIONS

19. The United States Election Assistance Commission ("EAC") — "an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the election process" — conducts a biennial Election Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

20. For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at 7.[1]

21. Based on a review of the 2024 EAVS Report, the Attorney General sent a letter to Secretary Fontes on July 28, 2025, seeking information regarding Arizona's compliance with federal election law. *See* Letter from Attorney General to Secretary Fontes ("July 28 Letter").

22. The Letter requested a copy of Arizona's statewide voter registration list ("SVRL") within fourteen days of the date of the letter.

23. The Attorney General's July 28 Letter asked Secretary Fontes to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited Jan. 6, 2025).

24. On August 8, 2025, Secretary Fontes responded to the July 28 Letter stating that it would not be possible to provide a response within the fourteen day deadline specified by the Attorney General (the "August 8 Letter").

25. On August 14, 2025, the Attorney General responded by extending the deadline to August 21, 2025, for Secretary Fontes to provide Arizona's SVRL and a deadline of September 15, 2025, for other responses to the July 28 letter. (the "August 14 Letter").

26. The August 14 Letter also demanded Arizona's SVRL pursuant to the CRA, codified at 52 U.S.C. § 20701, *et seq*. and HAVA, 52 U.S.C. § 20901, *et. seq*. The August 14 Letter explained "Section 303 of the CRA provides, in pertinent part, 'Any record or paper required by [section 301] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…'" *See* 52 U.S.C. § 20703.

27. The August 14 Letter specifically demanded the electronic copy of Arizona's SVRL with *all fields*, which means the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under HAVA to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

28. The August 14 Letter also explained to Secretary Fontes that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974.'" *See* 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

29. On August 29, 2025, Secretary Fontes responded to the August 14 Letter stating that the Secretary cannot comply with the Attorney General's CRA demand. Secretary Fontes bases his noncompliance on state and federal privacy laws which he asserts prohibits Arizona from producing the information sought by the Attorney General.

30. Secretary Fontes' refusal to produce the records demanded constitutes a failure to comply with federal law.

## V.   CAUSE OF ACTION

**VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703**

31. On August 14, 2025, the Attorney General sent a written demand to Secretary Fontes for the production of specific election records pursuant to 52 U.S.C. § 20703.

32. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

33. On August 29, 2025, Secretary Fontes refused to provide the records requested.

## VI.   PRAYER FOR RELIEF

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Secretary Fontes to provide to the Attorney General the current electronic copy of Arizona's computerized statewide voter registration list, with *all fields*, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

DATED: January 6, 2026

Respectfully submitted,

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *Brittany E. Bennett*
BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov