# EXHIBIT 4



August 29, 2025

*Via Email*

Harmeet Dhillon
Assistant Attorney General
Michael E. Gates
Deputy Assistant Attorney General
Maureen Riordan
Acting Chief, Voting Section
United States Department of Justice
Voting Section
950 Pennsylvania Ave, NW – 4CON
Washington, DC 20530

*Re: Reply to July 28 and August 14 Letters*

Dear Ms. Dhillon, Mr. Gates, and Ms. Riordan,

This Office is in receipt of your correspondence dated August 14, 2025, that reiterated your requests of your correspondence dated July 28.

Your July 28 letter requested a "description of the steps that Arizona has taken, and when those steps were taken, to identify registered voters who are ineligible to vote as well as the procedures it used to remove those ineligible voters from the registration list." In compliance with the National Voter Registration Act ("NVRA") requirement that states, "conduct a general program that makes reasonable effort to remove the names of ineligible voters from the official lists of eligible voters," Arizona statutes and rules provide a robust program of voter registration list maintenance. Arizona's fifteen elected county recorders are the officials primarily responsible for registering voters and removing ineligible voters from the state's voter registration rolls. *See* A.R.S. §§ 16-131, -163, -165. List maintenance is an activity that county recorders conduct on an ongoing basis.

In addition to state statute, the Secretary of State biennially issues an Elections Procedures Manual (the "EPM") containing "rules to achieve and maintain the maximum degree of correctness, impartiality, uniformity and efficiency on the procedures for early voting and voting, and of producing, distributing, collecting, counting, tabulating and storing ballots." A.R.S. § 16-452(A). Arizona's election officials, including county recorders, are required to follow the rules set forth

in the EPM, which include a detailed guide to county recorders to assist them in carrying out their list maintenance responsibilities. *See* 2023 EPM, at 36-48.[1]

With respect to your request for information concerning removal from the voter registration rolls of non-citizens, those adjudicated incompetent, and those with felony convictions, the EPM explains these processes on pages 36, 38, 40, and 42-44. It is important to note that since 2005, Arizona law has required that those registering to vote for the first time in Arizona or moving between Arizona counties and re-registering in a new county must provide satisfactory evidence of United States citizenship. *See* A.R.S. § 16-166(F). This requirement to provide documentary citizenship evidence at the point of registration is an additional protection against non-citizen registration. Additionally, Arizona is a member of the Electronic Registration Information Center ("ERIC"), taking full advantage of its state-of-the-art resources to ensure the accuracy of its registration lists. Arizona also participates in the Systematic Alien Verification for Entitlements ("SAVE"), ensuring, in cooperation with the Department of Homeland Security, that every full-ballot voter registering in Arizona is a United States citizen.

To answer your questions regarding Election Administration and Voting Survey ("EAVS"), consistent with federal law and guidelines, the Secretary relies on Arizona's fifteen county recorders to contribute accurate data based on their own records. However, despite the county data being complete and accurate, there are at times varying interpretations behind the data. For example, EAVS Question A10 requested information about confirmation notices sent to all registered voters. In particular, the 2024 EAVS instrument provided different instructions concerning confirmation notices from the instructions in the 2022 EAVS instrument. *Compare* 2024 EAVS Instructions for A10 (stating that "[t]his total shall include confirmation notices sent for any reason) *with* 2022 EAVS Instructions for A8 (indicating that confirmation notices may be sent when there is an indication that a voter no longer lives in the jurisdiction or has not voted or appeared to voter during the relevant period). Six of our fifteen counties understood that to include the notices sent to people on our Active Early Voting List ("AEVL") ninety days before an election.[2] Therefore, for six counties, there was a significant increase in confirmation notices reported in 2024. And the vast majority of that increase in notices related to 90-day notices that voters are not required to return to their county recorders, which explains the size of the "status unknown" responses to Question A10f.

You also asked about steps that Arizona takes to identify duplicate voter registrations. The EPM directs county recorders to conduct a duplicate record search before a new voter registration is entered into the statewide voter registration database. EPM, at 25. Once a voter registration record is entered into the statewide voter registration database, it is automatically verified against

---

[1] The 2023 EPM, which is currently in effect until the 2025 EPM is issued on or before December 31, 2025, is available in a fully searchable format on the Secretary's website: https://apps.azsos.gov/election/files/epm/2023/EPM_20231231_Final_Edits_to_Cal_1_11_2024.pdf. The draft 2025 EPM retains the detailed guidance concerning list maintenance, with revisions to reflect changes to Arizona law and court decisions. The draft 2025 EPM is currently in its public comment period, and may be viewed on the Secretary's website: https://azsos.gov/sites/default/files/docs/2025-Elections-Proceedures-Manual-Draft-0801.pdf.

[2] *See* A.R.S. § 16-544(D). The AEVL notice specifically tells the voter that no action is needed unless they no longer wish to receive their ballot by mail or need a ballot in an alternative format. This mailing is used as a first notice, and if any of these notices are received back to the Recorder as undeliverable, that triggers the NVRA process.

existing records in the statewide voter registration database for the purpose of identifying (and potentially canceling) any duplicate record. EPM, at 26.

Further, Arizona Recorders have an active ongoing list maintenance program, where they are constantly reviewing reports of individuals reported deceased, adjudicated incapacitated or convicted of a felony, people that have moved in-state or have moved and surrendered their Arizona driver's license to another state, as well as a number of other periodic reports utilized as part of Arizona's membership to the Electronic Registration Information Center (ERIC).

Second, this Office must reiterate that Arizona privacy law prohibits this or any other state office from releasing certain sensitive personal data. Your July 28 letter demands that we produce for inspection "[t]he current electronic copy of Arizona's computerized statewide voter registration database . . . includ[ing] all fields contained within the list." Your August 14 letter repeated this request.

Arizona takes seriously its obligation to protect sensitive personally identifiable information of Arizona voters. For that reason, A.R.S. § 16-168(F) restricts public access to information in the state's voter registration database including "month and day of birth date, the social security number or any portion thereof, the driver license number or nonoperating identification license number, the Indian census number, the father's name or mother's maiden name, the state or country of birth and the records containing a voter's signature and a voter's e-mail address." Arizona government officials who provide information from the voter registration database in violation of state law are at risk of felony prosecution. *Id.*

Your July 28 letter requested Arizona's voter registration information pursuant only to the NVRA, ostensibly to "ensure that the State's list maintenance program has been properly carried out in full compliance with the NVRA." It was not until your August 14 letter that you referenced the Department of Justice's authority under the Civil Rights Act of 1960 ("CRA"). But you do not explain how your authority under the CRA applies to your stated purpose for demanding a copy of the voter registration database "to ascertain Arizona's compliance with the list maintenance requirements of the NVRA and HAVA" or preempts state privacy laws.

Arizona citizens must be able to exercise their First and Fourteenth Amendment rights to register and vote without fear that the information they provide to do so could be disseminated in a way that fails to protect their privacy or is contrary to law. Courts have recognized that states may properly withhold sensitive personal information in response to a request under NVRA for voter registration information. *See Pub. Int. Legal Found., Inc. v. Bellows,* 92 F.4th 36, 56 (1st Cir. 2024) (collecting cases). In addition, the Privacy Act of 1974 imposes specific limitations upon Federal agencies, including the Department of Justice ("DOJ"), when they collect, aggregate, or maintain information concerning individual citizens, even when the information might be otherwise publicly available. The Privacy Act also provides individuals the right to update, correct, or remove their personal information if needed and in specified circumstances.

While your August 14 letter refers to language in the Help America Vote Act that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act," it does not answer larger questions about the DOJ's compliance with the Privacy Act with respect to its request for Arizona's complete voter registration database.

Specifically, we understand the DOJ to be creating a system of records of Arizona voters that can be searched based on an individual's name or other identifier. *See* 5 U.S.C. § 552a(a)(5).

The Privacy Act requires publication in the Federal Register of a notice providing the DOJ's purpose in creating the system of records and how Arizona's voter registration database is necessary and relevant to that purpose. *See* 5 U.S.C. § 552a(e)(4). The Privacy Act also requires the DOJ to maintain a system of records with "such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness" to individuals. 5 U.S.C. § 552a(e)(5). In addition, the Privacy Act prohibits Federal agencies from maintaining records "describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity." 5 U.S.C. § 552a(e)(7). Before we can provide to you even the public portions of Arizona's statewide voter registration database, please provide information demonstrating the DOJ's compliance with the Privacy Act with respect to the request for Arizona's voter registration database.

Furthermore, even if this Office were to release the entire unredacted voter registration list with driver's license numbers, social security numbers, and all other identifying information you have requested, that data alone does not provide evidence regarding Arizona's compliance with its NVRA obligation to conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official list of eligible voters. The voter registration list merely captures a snapshot in time and provides little information about list maintenance activities. Instead, the above-mentioned EPM details how Arizona's counties and the Secretary of State's Office execute the list maintenance obligations created by the NVRA and state law.

The Arizona Secretary of State, as Arizona's Chief Election Officer, is committed to complying with both state and federal law to ensure that eligible voters' rights to register and vote are protected at all costs. Arizona voters also have important privacy rights that cannot be infringed because they choose to exercise their constitutionally protected voting rights.

Please let us know if we can be of further assistance.

Sincerely,

Adrian Fontes
Arizona Secretary of State

Contact: Luke Douglas, Acting General Counsel
Email: ldouglas@azsos.gov
Office: 480-244-166