HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square, Room 8.141
150 M Street NE
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: Brittany.Bennett@usdoj.gov

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Attorneys for Plaintiff, UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Adrian Fontes, in his Official Capacity as Secretary of State for the State of Arizona,<br><br>Defendant. | CASE NO: 2:26-cv-00066-SMB<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF THE MOTION FOR ORDER TO OF PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq.* |
| --- | --- |

1

**DECLARATION**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1.    I am currently Acting Chief of the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion, brought on by Order to Show Cause for refusal to produce election registration records, pursuant to Title III of the Civil Rights Act of 1960 codified at 52 U.S.C. § 20701, *et seq.*

2.    The National Voter Registration Act, 52 U.S.C. § 20501, *et seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq.*, require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3.    One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4.    On July 28, 2025, the Civil Rights Division sent a request pursuant to 52 U.S.C. § 20507 to Secretary of State Adrian Fontes, requesting, *inter alia*, a copy of Arizona's statewide voter registration list ("VRL").

5.    On August 8, 2025, Secretary Fontes responded to the July 28 Letter stating that it would not be possible to provide a response within the 14-day deadline specified by the Attorney General (the "August 8 Letter").

6.    On August 14, 2025, the Attorney General sent a response to the Secretary's August 8 refusal to provide her with a copy of the statewide VRL. In the August 14 letter the Attorney General demanded pursuant to the Civil Rights Act, the electronic copy of the Statewide VRL specifically demanding that it include registrant's Driver's License number

1    or last four digits of the social security number as required by HAVA for federal
2    registration.

3         7.    The August 14 Letter further explained that HAVA specifies that "the last
4    four digits of a social security number…shall not be considered a social security number
5    for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. §
6    21083. The demand also instructed that any prohibition of disclosure of a motor vehicle
7    record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. §2721(b)(1),
8    is exempted, when the disclosure is for use by a government agency in carrying out the
9    agency's enforcement authority, which the Department of Justice is now endeavoring to
10   do.

11        8.    The letter also explained to Secretary Fontes that the Attorney General would
12   keep all data received secure and treat it consistently with the Privacy Act.  The Justice
13   Department's requests came with instructional information the statewide VRLs should be
14   transmitted securely to the Justice Department by way of encryption.

15        9.    The letter also informed the Secretary that the purpose of the demand for
16   these records was to ascertain Arizona's compliance with the list maintenance requirements
17   of federal laws, specifically the NVRA and HAVA.

18        10.   The request specified a deadline of August 21, 2025, for Secretary Fontes to
19   provide Arizona's SVRL and a deadline of September 15, 2025, for other responses to the
20   July 28 letter.

21        11.   On August 29, 2025, Secretary Fontes responded to the August 14 Letter
22   stating that the Secretary cannot comply with the Attorney General's CRA demand.
23   Secretary Fontes bases his noncompliance on state and federal privacy laws which he
24   asserts prohibits Arizona from producing the information sought by the Attorney General.

25        12.   True and correct copies of the Justice Department letters dated July 28, 2025;
26   August 14, 2025; and the reply letters by the Secretary dated August 8, 2025; and August
27   29, 2025, are attached to the united States' Memorandum in Support of Motion to Compel
28   Production of Documents as Exhibits 1–4.

13.    A true and correct copy of the Order denying temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 5.

I declare under the penalty of perjury that the above statements are true and correct. Executed on January 6, 2026.

Dated: January 6, 2026 at Washington, DC.

_/s/ Eric Neff_____
Eric Neff