# EXHIBIT A

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

8  United States of America,                    )        No. CV-26-00066-PHX-SMB

9                    Plaintiff,                  )

10        v.                                     )        **DECLARATION OF DORA
                                                 )        VASQUEZ IN SUPPORT OF
11  Adrian Fontes, in his official capacity as   )        MEMORANDUM TO
    Secretary of State,                          )        INTERVENE AS DEFENDANT
                                                 )        BY THE ARIZONA ALLIANCE
12                                               )        FOR RETIRED AMERICANS
                    Defendant.                   )

13                                               )

14                                               )
                                                 )
15  _____)

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Dora Vasquez, declare as follows:

1.     I am a U.S. citizen, over the age of 18, and am competent to testify. I have personal knowledge of the facts and information set forth in this declaration.

2.     I am the Executive Director of the Arizona Alliance for Retired Americans (the "Alliance"), a non-partisan 501(c)(4) nonprofit, social welfare organization incorporated in Arizona. I have held this position since 2019.

3.     I am a registered voter in Arizona, where I have been registered to vote since approximately 1975.

4.     The Alliance is a chartered state affiliate of the Alliance for Retired Americans, a nationwide grassroots organization with more than 4.4 million members. In Arizona, the Alliance has just shy of 51,000 retiree members throughout the state's 15 counties. Our members mostly come from various AFL-CIO affiliated unions and have worked in several different industries before retirement, though membership is open to anyone.

5.     Most of the Alliance's members are more than 60 years old. Its members include retirees, primarily from public and private sector unions.

6.     The Alliance's members are politically active and have high rates of voter registration.

7.     The Alliance's mission is to ensure social and economic justice and to protect the civil rights of retirees after a lifetime of work. To advance this mission, the Alliance engages in significant efforts to protect and preserve programs vital to the health and economic security of its members and all retirees. Marshaling the ability of the Alliance's members to vote is critical to furthering our broader political goals.

8.     Accordingly, we invest significant resources to ensure the voting rights of our members; for example, we encourage our members to register to vote, help them to do so, and assist them in navigating the voting process. We conduct "get-out-the-vote" activities before elections to increase the turnout of our members. And we work to educate our members on issues important to retirees and older Americans. These activities are central

to the Alliance's core mission—by informing and turning out our members to vote, the Alliance reinforces the political voice of its members.

9.    The Department of Justice's efforts to obtain Arizona's complete, statewide voter registration list represents an improper and substantial overreach by the current presidential administration. There is no reason for the federal government to be involved in Arizona's election responsibilities, which are assigned by the Constitution to the states, not the federal government. By overreaching for vast amounts of personal information in this way, I and members of the Alliance are concerned that the federal government may attempt to use this information to weaponize the voter registration process.

10.    If the Department of Justice were successful in obtaining Arizona's complete, statewide voter registration list—and all the sensitive, personal information that it contains, including driver's license numbers, partial social security numbers, and dates of birth—that result would make the Alliance's civic engagement work more difficult. If it were known that the Department of Justice would have access to all the sensitive, personally identifying information that the State of Arizona maintains in its voter registration file, this could have a substantial effect on retirees' willingness to register to vote, as they may not wish that information to be transmitted to the Department of Justice.

11.    As Executive Director of the Alliance, I worry that the threat of disclosure will deter the Alliance's members and other qualified senior citizens from engaging in the political process. The senior community is deeply concerned about the risks of identity theft and social security fraud, which disproportionately harm older Americans and are becoming increasingly sophisticated with the use of AI. In my experience, seniors are consequently wary of engaging in activities that increase the risk that their private data will be turned over to third parties without authorization and have already been stunned by the federal government's recent efforts to undermine the sanctity of their data.

12.    If the Department of Justice obtains Arizona's complete and unredacted voter registration list, that itself would constitute a substantial privacy harm to the Alliance's members. It also increases the risk that sensitive, personally identifying information would

find its way into the hands of others, including those who could use it to perpetuate identity-theft or other financial scams.

13.     That concern is particularly acute for many members of the Alliance who do not have confidence in the current presidential administration's ability or willingness to protect Americans' confidential data, as evidenced, for example, by Elon Musk's so-called Department of Government Efficiency's reckless treatment of social security records. In addition, members of the Alliance are concerned that the Department of Justice will attempt to weaponize this data against perceived political enemies of the current administration, including members of the Alliance who criticize the current administration or its policies.

14.     I believe disclosing sensitive data to the Department of Justice would deter individuals (including the Alliance's members and potential future members) from engaging in the electoral process, including by discouraging people from registering to vote, out of fear that their data will be mishandled or weaponized. That result would harm the Alliance's mission and its civic engagement work. If the Alliance's members become less likely to register to vote and to vote due to fear that their information will be misused, the Alliance will be less able to succeed in political mobilization efforts. This will make it harder for the Alliance to turn out our members and accomplish a core part of our mission.

15.     The actions that the Department of Justice has taken do not give me or our members confidence that it will respect privacy laws or safeguard the confidentiality of our personal data. And once this information is released, the harm is done—that information cannot be returned.

16.     The federal government should not have the opportunity to harm the Alliance and its members in the way that this lawsuit seeks.

I declare under penalty of perjury that the foregoing is true and correct.

3

1    EXECUTED this 7th day of January, 2026.

2

3

4                                        By:  _Dora Vasquez_____

5                                             Dora Vasquez
                                             Executive Director
6                                             Arizona Alliance for Retired Americans

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

D. Andrew Gaona (028414)
Sambo (Bo) Dul (030313)
Austin C. Yost (034602)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Ste 1900
Phoenix, AZ  85004
T: (602) 381-5486
agaona@cblawyers.com
bdul@cblawyers.com
ayost@cblawyers.com

Lalitha D. Madduri (039970)*
Max C. Accardi*
Kevin R. Kowalewski*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
T: (202) 968-4490
lmadduri@elias.law
maccardi@elias.law
kkowalewski@elias.law

*Attorneys for Proposed Intervenor-Defendant
the Arizona Alliance for Retired Americans*

*\*Pro Hac Vice Application Forthcoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-26-00066-PHX-SMB |
| Plaintiff, | **THE ARIZONA ALLIANCE FOR RETIRED AMERICANS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| Adrian Fontes, in his official capacity as Secretary of State, | |
| Defendant. | |

Proposed Intervenor-Defendant the Arizona Alliance for Retired Americans answers Plaintiff's Complaint as follows:

### INTRODUCTION[1]

1.      Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text. Proposed Intervenor otherwise denies the allegations.

2.      Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains language similar to the quoted text. Proposed Intervenor otherwise denies the allegations.

3.      Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text. Proposed Intervenor otherwise denies the allegations.

4.      Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text. Proposed Intervenor otherwise denies the allegations.

### I.    JURISDICTION AND VENUE

5.      Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenor otherwise denies the allegations.

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's Complaint and the Proposed Intervenor's answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenor.

6.    Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendant Fontes is the chief election official for Arizona.

## II.    PARTIES

7.    Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States as a Plaintiff.

8.    Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Secretary Fontes is a Defendant in this action and he is being sued in his official capacity only.

## III.    BACKGROUND

9.    Proposed Intervenor denies the allegations in Paragraph 9.

10.    Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenor otherwise denies the allegations.

### The National Voter Registration Act

11.    Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

12.    Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13.    Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**The Help America Vote Act**

14.    Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15.    Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. Proposed Intervenor otherwise denies the allegations.

**The Civil Rights Act of 1960**

16.    Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA grants the Attorney General certain authority to request some records.

17.    Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months after a federal election.

18.    Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. Proposed Intervenor otherwise denies the allegations.

## IV.    FACTUAL ALEGATIONS

19.    Proposed Intervenor admits that the cited website in Paragraph 19 contains

language similar to the quoted text and that the United States Election Assistance Commission conducts a biennial Election Administration and Voting Survey. The cited website otherwise speaks for itself.

20.    Proposed Intervenor admits that the cited report in Paragraph 20 contains the quoted language. The report otherwise speaks for itself.

21.    Proposed Intervenor admits that the Assistant Attorney General sent a letter to Secretary Fontes on July 28, 2025 (the "July 28 Letter"). Proposed Intervenor denies the remaining allegations in Paragraph 21.

22.    Proposed Intervenor admits that the July 28 Letter requested that the Secretary provide a current electronic copy of Arizona's statewide voter registration list within 14 days. Proposed Intervenor denies that the Secretary was required to provide that list and further denies the remaining allegations in Paragraph 22.

23.    Proposed Intervenor admits that the July 28 Letter asked Secretary Fontes to produce the requested information via an encrypted email or file-sharing system. Proposed Intervenor denies that the Secretary was required to provide the requested information and further denies the remaining allegations in Paragraph 23.

24.    Proposed Intervenor admits that, in a letter dated August 8, 2025, Secretary Fontes requested additional time in which to provide a response. To the extent there are additional allegations in Paragraph 24, they are denied.

25.    Proposed Intervenor admits that, in a letter dated August 14, 2025 (the "August 14 Letter"), the Assistant Attorney General purported to schedule deadlines for Secretary Fontes's responses to the Assistant Attorney General's demands. To the extent there are additional allegations in Paragraph 25, they are denied.

26.    Paragraph 26 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the August 14 Letter purported to contain additional demands. The letter speaks for itself. To the extent there are additional allegations in Paragraph 26, they are denied.

27.    Paragraph 27 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the August 14 letter purported to contain additional demands. The letter speaks for itself. To the extent there are additional allegations in Paragraph 27, they are denied.

28.    Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the August 14 letter purported to contain additional demands. The letter speaks for itself. To the extent there are additional allegations in Paragraph 28, they are denied.

29.    Proposed Intervenor admits that Secretary Fontes sent a letter on August 29, 2025, and that in the letter, he did not agree to provide all the requested information. The letter otherwise speaks for itself.

30.    Proposed Intervenor denies the allegations of Paragraph 30.

## V.    CAUSE OF ACTION

31.    Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that a document purporting to be a demand for election records was sent to Secretary Fontes on August 14, 2025. Proposed Intervenor otherwise denies the allegations.

32.    Paragraph 32 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations in Paragraph 32.

33.    Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Secretary Fontes has refused to provide all the records requested but denies that Plaintiff was entitled to any of the requested records.

## VI.    PRAYER FOR RELIEF

Immediately following Paragraph 33, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenor denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3.    Plaintiff has failed to establish entitlement to injunctive relief.

4.    The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.    Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 8th day of January, 2026.

/s/ Sambo (Bo) Dul

**COPPERSMITH BROCKELMAN PLC**

D. Andrew Gaona
Bo Dul
Austin C. Yost

**ELIAS LAW GROUP LLP**

Lalitha D. Madduri*
Max C. Accardi*
Kevin R. Kowalewski*

*Attorneys for Proposed Intervenor-Defendant*
*the Arizona Alliance for Retired Americans*

**Pro Hac Vice Application Forthcoming*

# EXHIBIT C

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00639-MSM-PAS

United States of America v. Amore
Assigned to: District Judge Mary S. McElroy
Referred to: Magistrate Judge Patricia A. Sullivan
Cause: Civil Miscellaneous Case

Date Filed: 12/02/2025
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: Federal Question

### Plaintiff

**United States of America**

represented by **James Thomas Tucker**
DOJ-Crt
U.S. Department of Justice
950 Pennsylvania Avenue NW
4con 8th Floor
Washington, DC 20530
202-307-2767
Email: james.t.tucker@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Gregg Amore**
*in his official capacity as Secretary of State
of Rhode Island*

represented by **James J. Arguin**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Email: jarguin@riag.ri.gov
*ATTORNEY TO BE NOTICED*

V.

### Intervenor Defendant

**Common Cause**

represented by **Ari J. Savitzky**
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
401-529-3982
Email: ASavitzky@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903

401-465-9565
Email: LL@labingerlaw.com
*ATTORNEY TO BE NOTICED*

**Patricia Jia Yan**
American Civil Liberties Union Foundation
915 15th Street NW
Washington, DC 20005
281-961-1468
Email: PYan@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
American Civil Liberties Union Foundation
Voting Rights Project
125 Broad Street
Ste 18th Floor
New York, NY 10004
212-519-7836
Email: SLakin@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
American Civil Liberties Union Foundation
125 Broad Street
18th Floor
New York, NY 10004
212-549-2500
Email: TLee@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Hughes**
American Civil Liberties Union Foundation
125 Broad St., Fl. 8
New York, NY 10002
(212) 549-2100
Email: WHughes@aclu.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Catherine Saunders**                    represented by   **Ari J. Savitzky**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Lynette J. Labinger**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Patricia Jia Yan**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Hughes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Stuart Waldman**                    represented by  **Ari J. Savitzky**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia Jia Yan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Hughes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Julia Sanches**                    represented by  **Ari J. Savitzky**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia Jia Yan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**William Hughes**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**SEIU District 1199NE**                    represented by **Amy Retsinas Romero**
DeLuca, Weizenbaum, Barry & Revens,
Ltd.
199 North Main Street
Providence, RI 02903
401-453-1500
Fax: 401-453-1501
Email: amy@dwbrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Fox**
Elias Law Group LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
202-968-4546
Fax: 202-312-5904
Email: dfox@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa A. O'Gara**
Elias Law Group LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
202-987-5096
Fax: 202-312-5904
Email: mogara@elias.law

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Qizhou Ge**
Elias Law Group LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
202-987-5681
Fax: 202-312-5904
Email: age@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Golan-Vilella**
Elias Law Group LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
202-998-8660
Fax: 202-312-5904
Email: rgolanvilella@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Walker McKusick**
Elias Law Group LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
202-968-4659
Fax: 202-312-5904
Email: wmckusick@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Intervenor Defendant</u>**

**Rhode Island Alliance for Retired Americans**          represented by **Amy Retsinas Romero**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David R. Fox**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa A. O'Gara**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Qizhou Ge**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Golan-Vilella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Walker McKusick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Carolyn Betensky**                    represented by    **Amy Retsinas Romero**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David R. Fox**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Marisa A. O'Gara**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Qizhou Ge**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Robert Golan-Vilella**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Walker McKusick**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Michael Zack Mezera**                 represented by    **Amy Retsinas Romero**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David R. Fox**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Marisa A. O'Gara**
                                                          (See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Qizhou Ge**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert Golan-Vilella**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Walker McKusick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/06/2026 | | TEXT ORDER. The unopposed Motion to Intervene of Common Cause, Catherine Saunders, Stuart Waldman, and Julia Sanches (ECF No. 5 ) and the unopposed Motion to Intervene of SEIU District 1199 NE, Rhode Island Alliance for Retired Americans, Carolyn Betensky, and Michael Zack Mezera (ECF No. 15 ) are GRANTED and those parties may intervene as of right pursuant to Fed. R. Civ. P. 24(a). So Ordered by District Judge Mary S. McElroy on 1/6/2026. (Potter, Carrie) (Entered: 01/06/2026) |

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Steve Simon, in his official capacity
as Secretary of State for the State of
Minnesota, and the State of
Minnesota

        Defendant.

Case No. 25-cv-03761-KMM-EMB

**ORDER**

---

Before the Court are two Motions to Intervene: the first filed by the Minnesota Alliance for Retired Americans Educational Fund and Misael Hernandez (Dkt. No. 5), and the second filed by the League of Women Voters Minnesota, Common Cause, Jennifer Compeau, and Valerie Mangskau (Dkt. No. 29) (collectively, "Proposed Defendant-Intervenors"). Although the United States of America initially opposed intervention, it now takes no position on the motions. (*See* Dkt. No. 60.) Likewise, Defendants do not oppose the requested relief. (*See* Dkt. No. 58.)

The Proposed Defendant-Intervenors request intervention as a right under Federal Rule of Civil Procedure 24(a) or, alternatively, permissive intervention under Rule 24(b). "Rule 24 is construed liberally, and [courts]

resolve all doubts in favor of the proposed intervenors." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995) (citing cases). Because the Defendant-Intervenors move both as a matter of right and with the Court's permission, this Court may grant the motion on either or both bases. *See, e.g., Franconia Mins. (US) LLC v. United States*, 319 F.R.D. 261, 267 (D. Minn. 2017) (citing *City of Chicago v. FEMA*, 660 F.3d 980, 986 (7th Cir. 2011)). The Court finds permissive intervention proper.

As is relevant here, permissive intervention is appropriate if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention, which is highly discretionary, is appropriate if (1) "the motion to intervene is timely," (2) "the movant's claim shares a question of law or fact in common with the main action," and (3) intervention will not "unduly delay or prejudice adjudication of the original parties' rights." *Franconia Minerals*, 319 F.R.D. at 266.

Upon review of the record, the Court is satisfied that all three factors favor permissive intervention.[1] Given that conclusion, and considering the

---

[1] Proposed Defendant-Intervenors argue they have Article III standing to intervene. S*ee Nat'l Parks Conservation Ass'n v. U.S. Envtl. Prot. Agency*, 759 F.3d 969, 974 (8th Cir. 2014) ("The requirements for Article III standing are (1) injury, (2) causation, and (3) redressability."). To the extent such a showing is necessary, the Court is satisfied standing exists. *See Vershey v. Madison*, 19-CV-1625 (ECT/LIB), 2020 WL 13065430, at *3 (D. Minn. May 4, 2020) (recognizing "uncertainty over

lack of objection from any party, the Motions are GRANTED. *See United States v. Oregon*, 6:25-CV-01666-MTK, 2025 WL 3496571, at *2 (D. Or. Dec. 5, 2025) (permitting intervention under similar facts); *United States v. Benson*, 1:25-CV-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025) (permitting intervention of Michigan Alliance for Retired Americans). Because the Court concludes permissive intervention is appropriate, it need not decide whether the Proposed Defendant-Intervenors are entitled to intervention as a right under Rule 24(a). *Cf. Franconia Minerals*, 319 F.R.D. at 269 (declining to engage in Rule 24(a)(2) analysis after concluding permissive intervention was appropriate).

IT IS HEREBY ORDERED that the Motions to Intervene (Dkts. No. 5, 29) are GRANTED.

Date: January 6, 2026                       *s/Elsa M. Bullard*
                                            ELSA M. BULLARD
                                            United States Magistrate Judge

---

whether the Eighth Circuit requires intervenors to establish standing for both Rule 24(a) and Rule 24(b) intervention" (quotation omitted)); *United States v. Benson*, 1:25-CV-1148, 2025 WL 3520406, at *6 (W.D. Mich. Dec. 9, 2025) (concluding movants "seek[ing] to intervene as defendants[] are not required to demonstrate standing," but nevertheless finding particularized injury under similar circumstances) (citing *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 663).

EXHIBIT E

CONSENTPILOT,STANDARD

# U.S. District Court
## District of Maine (Bangor)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00468-LEW

UNITED STATES OF AMERICA v. BELLOWS
Assigned to: JUDGE LANCE E. WALKER
Referred to: MAGISTRATE JUDGE KAREN FRINK WOLF
Cause: 28:1345 USA Plaintiff

Date Filed: 09/16/2025
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**UNITED STATES OF AMERICA**              represented by **DAVID D. VANDENBERG**
DOJ-Crt
CRT
150 M STREET, NE
WASHINGTON, DC 20002
202-307-2767
Email: david.vandenberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MICHAEL GATES**
DOJ-CRT
950 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20530-0001
714-458-5591
Email: michael.gates2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SHENNA BELLOWS**                        represented by **JASON ANTON**
*In her official capacity as Secretary of the*          OFFICE OF THE ATTORNEY GENERAL
*State of Maine*                          6 STATE HOUSE STATION
AUGUSTA, ME 04333-0006
207-626-8800
Email: jason.anton@maine.gov
*ATTORNEY TO BE NOTICED*

**JONATHAN R. BOLTON**
OFFICE OF THE ATTORNEY GENERAL
STATE HOUSE STATION 6
AUGUSTA, ME 04333-0006
207-626-8551
Email: jonathan.bolton@maine.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**STATE OF MAINE**                    represented by **JASON ANTON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JONATHAN R. BOLTON**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**JOHN SCHNECK**                    represented by **BRANDEN D. LEWISTON**
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202-998-8667
Email: blewiston@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER D. DODGE**
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202-987-4928
Email: cdodge@elias.law
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ELISABETH C. FROST**
ELIAS LAW GROUP LLP
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202-968-4513
Email: efrost@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TORI SHAW**
ELIAS LAW GROUP LLP
Litigation
250 MASSACHUSETTS AVE NW
SUITE 400
WASHINGTON, DC 20001
202-987-4663
Email: tshaw@elias.law
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JAMES G. MONTELEONE**
BERNSTEIN SHUR SAWYER &
NELSON
100 MIDDLE STREET
PORTLAND, ME 04104-5029
207-228-7198
Email: jmonteleone@bernsteinshur.com
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**MARPHEEN CHANN**                    represented by    **BRANDEN D. LEWISTON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**CHRISTOPHER D. DODGE**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ELISABETH C. FROST**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TORI SHAW**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JAMES G. MONTELEONE**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**LEAGUE OF WOMEN VOTERS OF**           represented by    **ALEXIS DENAE GRADY**
**MAINE**                                                CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
Ste 400
WASHINGTON, DC 20005
202-736-2200
Email: agrady@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ANDREW B. GARBER**

BRENNAN CENTER FOR JUSTICE
120 BROADWAY
Suite 1750
NEW YORK, NY 10271
646-292-8358
Email: garbera@brennan.law.nyu.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DANIEL S. LENZ**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
20005
WASHINGTON, DC 20005
202-266-5156
Email: dlenz@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**HEATHER S. SZILAGYI**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Email: hszilagyi@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**KATHERINE S. HAMILTON**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202-360-2864
Email: khamilton@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MAURA EILEEN O'CONNOR**
BRENNAN CENTER FOR JUSTICE
777 6TH ST. NW
SUITE 1100
WASHINGTON, DC 20002
202-679-5893
Email: oconnore@brennan.law.nyu.edu
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**RENATA S. O'DONNELL**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Email: rodonnell@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERT BRENT FERGUSON**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Email: bferguson@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SEJAL S. JHAVERI**
CAMPAIGN LEGAL CENTER
1101 14TH ST NW
SUITE 400
WASHINGTON, DC 20005
202-736-2200
Email: sjhaveri@campaignlegalcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ALLAN K. TOWNSEND**
JOHNSON & WEBBERT LLP
1 BOWDOIN MILL ISLAND
STE 300
TOPSHAM, ME 04086
207-623-5110
Email: allan@work.law
*ATTORNEY TO BE NOTICED*

**Amicus**

**ACLU OF MAINE**                    represented by **JONATHAN J. TOPAZ**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATOIN
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212-549-2640
Email: jtopaz@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**PATRICIA JIA YAN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15TH ST NW
WASHINGTON, DC 20005
281-961-1468
Email: pyan@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**SOPHIA LIN LAKIN**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATOIN
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212-519-7836
Email: slakin@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**THERESA J. LEE**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATOIN
125 BROAD STREET
18TH FLOOR
NEW YORK, NY 10004
212-549-2500
Email: tlee@aclu.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ZACHARY L. HEIDEN**
AMERICAN CIVIL LIBERTIES UNION
OF MAINE
PO BOX 7860
PORTLAND, ME 04112
207-774-5444
Fax: 207-774-1103
Email: zheiden@aclumaine.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**CAROL GARVAN**
AMERICAN CIVIL LIBERTIES UNION
OF MAINE
PO BOX 7860
PORTLAND, ME 04112
207-619-8687

Email: cgarvan@aclumaine.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**MARYLAND OFFICE OF THE
ATTORNEY GENERAL**

represented by **PETER J. BRANN**
BRANN & ISAACSON
113 LISBON STREET
P.O. BOX 3070
LEWISTON, ME 04243-3070
207-786-3566
Fax: 207-783-9325
Email: pbrann@brannlaw.com
*ATTORNEY TO BE NOTICED*

**VIRGINIA ANNE WILLIAMSON**
MARYLAND OFFICE OF THE
ATTORNEY GENERAL
200 SAINT PAUL PLACE
BALTIMORE, MD 21202
410-576-6584
Email: vwilliamson@oag.state.md.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**MARY ESTILL BUCHANAN**

represented by **DONALD K. SHERMAN**
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
PO BOX 14596
WASHINGTON, DC 20044-4596
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
PO BOX 14596
WASHINGTON, DC 20044-4596
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
DRUMMOND WOODSUM &
MACMAHON
84 MARGINAL WAY
SUITE 600
PORTLAND, ME 04101
207-772-1941
Email: mhewey@dwmlaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**MILES RAPOPORT**

represented by **DONALD K. SHERMAN**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**BEN YSURSA**                                          represented by **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**JOAN ANDERSON GROWE**                 represented by **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**JOHN GALE**                                             represented by **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**PHIL KEISLING**                    represented by    **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**KATHY BOOCKVAR**                   represented by    **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**LEIGH CHAPMAN**                    represented by    **MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**SAM REED**                         represented by    **DONALD K. SHERMAN**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JOHN BRENT HILL**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MELISSA A. HEWEY**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2025 | 49 | ORDER granting 10 Motion to Intervene as Defendants by John Schneck and Marpheen Chann. By JUDGE LANCE E. WALKER. (slg) (Entered: 12/12/2025) |

**PACER Service Center**

**Transaction Receipt**

01/08/2026 10:40:45

| PACER Login: | maxaccardi | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:25-cv-00468-LEW Starting with document: 49 Ending with document: 49 |
| Billable Pages: | 8 | Cost: | 0.80 |

# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

      v.                                         Case No. 25-cv-371-AJ

David Scanlan, in his official
capacity as Secretary of State
for the State of New
Hampshire, and the State of
New Hampshire

**ORDER**

David Scanlan, the New Hampshire Secretary of State,
refused the United States Department of Justice's demands for
New Hampshire's current statewide voter registration list
including active and inactive voters' full name, residential
address, and either their state driver's license number or the
last four digits of their social security number.  The United
States brought this suit pursuant to the Civil Rights Act of
1960, 52 U.S.C. § 20703, and the Help America Vote Act ("HAVA"),
52 U.S.C. § 21083, to compel New Hampshire's disclosure of the
list.  See Compl. (Doc. No. 1).

Invoking Federal Rule of Civil Procedure 24, four New
Hampshire voters, Neal Kurk, Robert "Bob" Perry, Louise Spencer,
and Christopher Cole, move to intervene to assert their privacy
rights.  See Mot. to Int. (Doc. No. 6).  As New Hampshire
registered voters, their personal information is contained

within the list sought by the United States.  The United States
filed a memorandum in opposition to the proposed intervenors'
motion, (Doc. No. 19), before filing a notice of no position,
(Doc. No. 21).  The proposed intervenors filed a reply.  See
Reply (Doc. No. 22).

For the following reasons, the motion to intervene is
granted.

### I.  **Background**

In June 2025, the United States sent Secretary Scanlan a
letter seeking information regarding New Hampshire's compliance
with Section 303 of HAVA.  Doc. No. 1 ¶ 32.  The letter made 15
requests.  Id. ¶ 33.  One of those requests sought New
Hampshire's current statewide voter registration list including
active and inactive voters.  Id. ¶ 38.  Secretary Scanlan
responded and, in part, explained that state law did not allow
him to provide the statewide voter registration list to the
United States but that the United States could seek public data
from each municipality directly.  Id. ¶ 44.  The United States
and Secretary Scanlan exchanged further letters disputing the
legal authority for the United States' request and Secretary
Scanlan's refusal to provide the list.  See id. ¶¶ 45–52.

On September 25, 2025, the United States initiated this
action seeking to compel the statewide voter registration list.

See generally id.  On September 30, 2025, the proposed
intervenors moved to intervene.  See Doc. No. 6.

**II.  Discussion**

Federal Rule of Civil Procedure 24 permits intervention as
a matter of right and permissively.  The proposed intervenors
argue that they meet both standards.  Because the court finds
that permissive intervention is warranted, it does not determine
whether the proposed intervenors are also entitled to intervene
as of right.

Rule 24(b) provides that, "[o]n a timely motion, the court
may permit anyone to intervene who . . . has a claim or defense
that shares with the main action a common question of law or
fact."  Fed. R. Civ. P. 24(b)(1).  This is a "low threshold."
Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n,
197 F.3d 560, 568 (1st Cir. 1999).  After the threshold is met,
whether to allow intervention is left to the court's discretion.
The rule, however, expressly requires the court to "consider
whether the intervention will unduly delay or prejudice the
adjudication of the original parties' rights."  Fed. R. Civ. P.
24(b)(3).  In sum, the court must first determine whether the
proposed intervenors' motion was timely, and whether their
defenses share a common question of law or fact with the main
action.  The court must then exercise its discretion and,

factoring in the risk of undue delay or prejudice, determine whether intervention is appropriate.

There is no dispute that the proposed intervenors' motion was timely—filed five days after the United States filed its complaint.  See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 64 (1st Cir. 2008) (affirming district court's grant of motion to intervene where it was filed before the case progressed beyond the initial stages).

The court thus turns to whether the proposed intervenors' defenses share a common question of law or fact with the underlying action.  Here, intervention would inject no new questions of law or fact.  The parties' and proposed intervenors' interests in this action are the same: the legality of the United States' request seeking New Hampshire's production of its statewide voter registration list.  The proposed intervenors' defenses are not tangential to the underlying action but rather directly responsive to the United States' claims.  The court notes that the proposed intervenors' stated interest in the action—the protection of their personal information—does not warrant particular inspection under Rule 24(b).  See 7C Kane & Stein, Fed. Prac. & Proc. Civ. § 1911 (3d ed.) ("Close scrutiny of the kind of interest the intervenor is

4

thought to have seems especially inappropriate under Rule 24
since it makes no mention of interest.").

The proposed intervenors have, therefore, satisfied the
"low threshold" of timeliness and commonality required by Rule
24(b)(1). It is then left to the court's discretion whether to
permit intervention. The court's discretion is "very broad" and
"the district court can consider almost any factor." Daggett v.
Comm'n on Gov't Ethics & Election Pracs., 172 F.3d 104, 113 (1st
Cir. 1999). One factor the court may consider in exercising its
discretion is whether the proposed intervenors "may be helpful
in fully developing the case." T-Mobile Ne. LLC v. Town of
Barnstable, 969 F.3d 33, 41 (1st Cir. 2020) (quoting Daggett,
172 F.3d at 113). Here, the proposed intervenors' presence
would assist the court in deciding the issues before it. The
proposed intervenors are registered New Hampshire voters whose
personal information would be distributed to the Department of
Justice were the United States to prevail in this action.

Prior to taking no position, the United States argued that
permissive intervention should be denied because defendants are
capable of adequately representing the proposed intervenors'
interests and objectives. "However, inadequate representation
of the proposed intervenor[s'] interests by the existing parties
is a precondition to obtaining intervention of right, not
permissive intervention." Tirrell v. Edelblut, No. 24-cv-251-

5

LM-TSM, 2025 WL 1939965, at *4 (D.N.H. July 15, 2025) (citing
Victims Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 560-61 (1st
Cir. 2021)).  While courts exercising their discretion "should
ordinarily" consider adequate representation, T-Mobile, 969 F.3d
at 41, intervention may still be appropriate where adequate
representation exists "if the addition of the intervenors will
assist in the just and equitable adjudication of any of the
issues between the parties." Tirrell, 2025 WL 1939965, at *4
(citing Allco Fin. Ltd. v. Etsy, 300 F.R.D. 83, 88 (D. Conn.
2014)); see also South Dakota ex rel. Barnett v. U.S. Dep't of
Interior, 317 F.3d 783, 787 (8th Cir. 2003) (characterizing
adequacy of representation as "a minor variable in the Rule
24(b) decision calculus"); United States v. Columbia Pictures
Ind., Inc., 88 F.R.D. 186, 189 (S.D.N.Y. 1980) (same).  Even
assuming that the proposed intervenors' interest is adequately
represented by defendants, their presence in this suit will
assist the court in the just and equitable adjudication of this
matter.

Finally, permitting intervention here will not "unduly
delay or prejudice the adjudication of the original parties'
rights." Fed. R. Civ. P. 24(b)(3).  This case is in its
earliest stages.  Defendants have yet to respond to the
complaint.  Given this procedural posture, intervention will
cause no significant delay and will not prejudice the other

parties' rights.  While true, the addition of more parties "always take[s] additional time," Kane & Stein, supra § 1913, inclusion of the proposed intervenors would not unduly delay litigation.

In light of these circumstances, the court exercises its discretion to allow permissive intervention.  See Fed. R. Civ. P. 24(b).

### III. **Conclusion**

Kurk, Perry, Spencer, and Cole's motion to intervene (Doc. No. 6) is granted.  The court will treat them as defendants going forward.

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

January 5, 2026

cc:  Counsel of Record

# EXHIBIT G

# MINUTE ORDER

CASE NUMBER:          1:25-cv-00522-LEK-RT

CASE NAME:            United States of America v. Nago

JUDGE:  Leslie E. Kobayashi          DATE:          1/5/2026

COURT ACTION:   EO: ORDER GRANTING MOTION TO INTERVENE AS
DEFENDANT

On December 17, 2025, Proposed Intervenor-Defendant NAACP California-Hawaii State Conference ("NAACP CA-HI") filed a Motion to Intervene as Defendant ("Motion"). [Dkt. no. 7.] The deadline to file any opposition to the Motion was December 31, 2025. See Minute Order - EO: Order Setting Briefing Schedule, filed 12/18/25 (dkt. no. 8). The only response to the Motion was Plaintiff United States of America's ("United States") notice of no position, [filed 12/29/25 (dkt. no. 14)].

Because the Motion is unopposed and for the reasons stated in the Motion, this Court exercises its discretion and GRANTS the Motion pursuant to Federal Rule of Civil Procedure 24(b). NAACP CA-HI has established that it "has a claim or defense that shares with the main action a common question of law or fact," and this Court finds that allowing the NAACP CA-HI to intervene will not "unduly delay or prejudice the adjudication of the original parties' rights." See Fed. R. Civ. P. 24(b)(1)(B), (3). Because Rule 24(b) is a sufficient basis to permit the NAACP CA HI to intervene, this Court makes to findings or conclusions regarding NAACP CA-HI's request to intervene pursuant to Rule 24(a)(2).

NAACP CA-HI shall file its answer to the United States's Complaint, in the form attached to the Motion, by **January 12, 2026.**

IT IS SO ORDERED.


Submitted by: Carla Cortez, Courtroom Manager

# EXHIBIT H

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 11/24/2025 at 10:41 AM PST and filed on 11/19/2025

| | |
|---|---|
| **Case Name:** | United States of America v. Shirley Weber et al |
| **Case Number:** | 2:25-cv-09149-DOC-ADS |
| **Filer:** | |
| **Document Number:** | 70 |

**Docket Text:**
MINUTES OF Motion Hearing re Motion to Stay [6] and Motions to Intervene [14][24] held before Judge David O. Carter: The case is called. The Court GRANTS Motions to Intervene [14][24]. Deadlines are set for Motions to Dismiss. Motion hearing set for December 4, 2025 at 7:30 AM at Los Angels First Street Federal Courthouse. APPEARANCES: For Plaintiff(s): Eric Neff, Julie Hamill; For Defendant(s): Malcolm Brudigam, Robert William Setrakian; Intervenors: Grayce Zelphin, Christopher Dodge. Courtroom Deputy Clerk: Karlen Dubon; Court Reporter: Court Smart; Time in Court: {0:18}. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY

**2:25-cv-09149-DOC-ADS Notice has been electronically mailed to:**

Grayce S Patricia Zelphin     gzelphin@aclunc.org, aalas@aclunc.org

Omar G. Qureshi     omar@qureshi.law, 2060460420@filings.docketbird.com

Anne P Bellows     anne.bellows@doj.ca.gov

Maureen S. Riordan     maureen.riordan2@usdoj.gov

William Bellamy     william.bellamy@doj.ca.gov

Haley Jane Rosenspire     hrosenspire@kaufmanlegalgroup.com

Brittany E Bennett     brittany.bennett@usdoj.gov

Robert William Setrakian     docketinglaawt@doj.ca.gov, todd.grabarsky@doj.ca.gov, dyan.serzo@doj.ca.gov, william.setrakian@doj.ca.gov

Angelica Salceda     asalceda@aclunc.org, 3260646420@filings.docketbird.com

Jacob D. Shelly     jshelly@elias.law

Tyler L. Bishop     tbishop@elias.law

Kevin L. Quade     jacqueline.williamson@doj.ca.gov, christopher.irby@doj.ca.gov, kevin.quade@doj.ca.gov

Julia A. Gomez Hernandez     cminneci@aclusocal.org, jgomez@aclusocal.org

Malcolm Andreas Brudigam     malcolm.brudigam@doj.ca.gov

Stephen J Kaufman     skaufman@kaufmanlegalgroup.com, twaters@kaufmanlegalgroup.com

Julie Ann Hamill     julie.hamill@usdoj.gov, caseview.ecf@usdoj.gov, julie.morales@usdoj.gov, usacac.civil@usdoj.gov

Lalitha D. Madduri     mdepass@elias.law, mshostek@elias.law, lalitha-madduri-0956@ecf.pacerpro.com, lmadduri@elias.law

Michael Surren Cohen     linda.zamora@doj.ca.gov, michael.cohen@doj.ca.gov

Christopher D. Dodge     cdodge@elias.law

Walker McKusick     wmckusick@elias.law

Eric Vincent Neff     eric.neff@usdoj.gov

Lisa Catherine Ehrlich     docketingsfcls@doj.ca.gov, lisa.ehrlich@doj.ca.gov

**2:25-cv-09149-DOC-ADS Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

EXHIBIT I

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:25-cv-13816-LTS

United States of America v. Galvin
Assigned to: District Judge Leo T. Sorokin
Cause: 42:1981 Civil Rights

Date Filed: 12/11/2025
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**United States of America**                   represented by   **David D. Vandenberg**
DOJ-Crt
150 M Street, NE
Washington, DC 20002
202-307-2767
Email: david.vandenberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**William Francis Galvin**
*in his official capacity as Secretary of the*
*Commonwealth of Massachusetts*

**Intervenor Defendant**

**Common Cause**                   represented by   **Ari J. Savitzky**
American Civil Liberties Union Foundation
125 Broad Street
New York, NY 10004
401-529-3982
Email: asavitzky@aclu.org
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
ACLU of Massachusetts
Massachusetts
One Center Plaza
Suite 850
Boston, MA 02108
617-482-3170
Fax: 617-451-0009
Email: jrossman@aclum.org
*ATTORNEY TO BE NOTICED*

**Megan Christine Keenan**
American Civil Liberties Union Foundation

Voting Rights Project
915 15th St. NW
Washington, DC 20005
740-632-0671
Email: mkeenan@aclu.org
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
American Civil Liberties Union Foundation
Voting Rights Project
125 Broad Street
Ste 18th Floor
New York, NY 10004
212-519-7836
Email: slakin@aclu.org
*ATTORNEY TO BE NOTICED*

**Suzanne Schlossberg**
ACLU of Massachusetts
One Center Plaza
Ste 850
Boston, MA 02108
617-482-3170
Email: sschlossberg@aclum.org
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
American Civil Liberties Union Foundation
125 Broad Street
18th Floor
New York, NY 10004
212-549-2500
Email: tlee@aclu.org
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Jane Doe Inc.**                    represented by    **Ari J. Savitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Christine Keenan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Suzanne Schlossberg**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Juan Pablo Jaramillo**                    represented by **Ari J. Savitzky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jessie J. Rossman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan Christine Keenan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sophia Lin Lakin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Suzanne Schlossberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa J. Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**New England State Area Conference of**        represented by **David Robert Fox**
**the National Association for the**                    Elias Law Group LLP
**Advancement of Colored People**                    250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-968-4546
Email: dfox@elias.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tori Shaw**
Elias Law Group LLP
Litigation
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202-987-4663
Email: tshaw@elias.law
*ATTORNEY TO BE NOTICED*

**Intervenor**

| Massachusetts Alliance for Retired Americans | represented by | David Robert Fox<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>Tori Shaw<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| --- | --- | --- |

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 01/06/2026 | 30 | District Judge Leo T. Sorokin: ELECTRONIC ORDER entered.<br><br>Pending before the Court are two timely motions to intervene as defendants, either as of right under Rule 24(a) or with permission under Rule 24(b).  Doc. Nos. 9, 13.  Proposed intervenors are four organizations with Massachusetts-voter members—the New England State Area Conference of the NAACP (Doc. No. 10-1), the Massachusetts Alliance for Retired Americans (Doc. No. 10-2), Common Cause (Doc. No. 15-1), and Jane Doe Inc. (Doc. No. 15-2)—as well as an individual Massachusetts voter, Juan Pablo Jaramillo (Doc. No. 15-3).  The existing parties (plaintiff United States and defendant Secretary Galvin) do not oppose the motions to intervene.  Doc. No. 9 at 2; Doc. No. 13 at 2.  The motions to intervene (Doc. Nos. 9, 13) are therefore ALLOWED as unopposed.<br><br>Proof of service on defendant Galvin does not yet appear on the docket, and he has not yet responded to the complaint or motion to compel.  The Court previously ordered that Galvin's deadline for responding to the United States' motion to compel is "21 days after the later of (1) the date of service or (2) the filing on the docket of [the motion to compel]."  Doc. No. 8.  The intervenor-defendants have indicated their intent to move to dismiss, Doc. No. 9 at 1 n.1; Doc. No. 13-2, and to respond to the motion to compel, Doc. No. 13 at 2.  (Some intervenors did not reference the motion to compel but, of course, they may respond as they are now defendants in this case.)<br><br>The Court intends to adopt a unified briefing schedule.  By January 9, 2026, the parties shall file a joint status report that proposes a briefing schedule for (a) the defendants' responses to the complaint (including any Rule 12 motions), (b) the defendants' responses to the motion to compel, and (c) the United States' responses/replies thereto.  Any pending responsive pleading deadlines, including those specified in Doc. No. 8, are stayed pending the Court's adoption of a briefing schedule.  To the extent the United States has not yet served defendant Galvin, the report shall discuss when that might occur, and counsel shall confer with the Office of the Attorney General for the Commonwealth of Massachusetts, as anticipated counsel for Galvin, to discern its position on the matters for the status report.<br><br>(FGD) (Entered: 01/06/2026) |

| **PACER Service Center** | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 01/08/2026 10:56:04 | | | |
| **PACER Login:** | maxaccardi | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-13816-LTS Starting with document: 30 Ending with document: 30 |

| Billable Pages: | 4 | Cost: | 0.40 |
|---|---|---|---|

EXHIBIT J

# U.S. District Court
## United States District Court – District of New Mexico (Albuquerque)
### CIVIL DOCKET FOR CASE #: 1:25–cv–01193–LF–JFR

United States Of America v. Oliver
Assigned to: Magistrate Judge Laura Fashing
Referred to: Magistrate Judge John F. Robbenhaar
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 12/02/2025
Jury Demand: None
Nature of Suit: 441 Civil Rights: Voting
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**United States Of America**

represented by **David D. Vandenberg**
DOJ–Crt
150 M Street, NE
Washington, DC 20002
202–307–2767
Email: david.vandenberg@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Maggie Toulouse Oliver**
*in her official capacity as Secretary of State of New Mexico*

represented by **Anjana Samant**
NM Department of Justice
408 Galisteo St
Santa Fe, NM 87501
505–270–4332
Email: asamant@nmdoj.gov
*ATTORNEY TO BE NOTICED*

**Bailey Colfax**
NM Department of Justice
Impact Litigation
408 Galisteo St
Santa Fe, NM 87501
505–629–3252
Email: bcolfax@nmdoj.gov
*ATTORNEY TO BE NOTICED*

**James Grayson**
P.O. Drawer 1508
Santa Fe, NM 87504–1508
505–218–0850
Email: jgrayson@nmag.gov
*ATTORNEY TO BE NOTICED*

**Olivia Den Dulk**
NM Department of Justice
408 Galisteo St.
Santa Fe, NM 87501
505–629–9323
Email: odendulk@nmdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Defendant**

**New Mexico Alliance for Retired Americans**

represented by **Caren I Friedman**
505 Cerrillos Rd. Suite A209
Santa Fe, NM 87501
505–986–0600

Fax: 505−986−0632
Email: cfriedman@dpslawgroup.com
*ATTORNEY TO BE NOTICED*

**Joshua Abbuhl**
Elias Law Group LLP
250 Massachusetts Ave, NW
Suite 400
Washington, DC 20001
202−968−4490
Email: jabbuhl@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin Ross Kaufman**
Durham, Pittard & Spalding, LLP
125 Lincoln Avenue
Ste 402
Santa Fe, NM 87501
505−986−0600
Email: jkaufman@dpslawgroup.com
*ATTORNEY TO BE NOTICED*

**Molly H Samsell**
Durham Pittard & Spalding LLP
125 Lincoln Ave,
Suite 402
Santa Fe, NM 87501
505−986−0600
Fax: 505−986−0632
Email: msamsell@dpslawgroup.com
*ATTORNEY TO BE NOTICED*

**Omeed Alerasool**
Elias Law Group LLP
250 Massachusetts Ave, NW
Suite 400
Washington, DC 20001
202−968−4490
Email: oalerasool@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Uzoma Nkem Nkwonta**
Elias Law Group LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
202−968−4517
Email: unkwonta@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Walker McKusick**
Elias Law Group LLP
1700 Seventhe Avenue
Suite 2100
Seattle, WA 98101
206−656−0177
Email: wmckusick@elias.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Common Cause**                                represented by  **Maria Martinez Sanchez**
                                                                ACLU of New Mexico
                                                                Post Office Box 566
                                                                Albuquerque, NM 87103−0566
                                                                505−266−5915
                                                                Fax: 505−266−5916
                                                                Email: msanchez@aclu−nm.org
                                                                *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Claudia Medina**                              represented by  **Maria Martinez Sanchez**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Justin Allen**                                represented by  **Maria Martinez Sanchez**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2025 | 9 | ORDER by Magistrate Judge John F. Robbenhaar granting unopposed 7 Motion to Intervene of the New Mexico Alliance for Retired Americans. [THIS IS A TEXT−ONLY ENTRY. THERE ARE NO DOCUMENTS ATTACHED.] (ck) (Entered: 12/15/2025) |