HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

JONATHON P. HAUENSCHILD
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.1134
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 215-2110

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America

Plaintiff,

v.

Adrian Fontes, in his Official Capacity as
Secretary of State for the State of Arizona,

Defendant(s).

Case Number: 2:26-cv-00066-SMB

**SECOND DECLARATION OF
ERIC NEFF IN SUPPORT OF THE
UNITED STATES' OPPOSITION
TO DEFENDANT'S MOTION TO
DISMISS (DOC. 25) AND REPLY
IN SUPPORT OF THE MOTION
TO COMPEL (DOC. 7)**

<u>**DECLARATION**</u>

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1.    I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the

facts stated herein. I make this declaration in support of the United States' Reply to the Motion to Compel the production of election records pursuant to the Civil Rights Act (CRA) codified at 52 U.S.C. § 20701, *et seq.* (Doc. 7) and in opposition to the Motions to Dismiss by Defendant Secretary of State for the State of Arizona, Adrian Fontes ("Secretary Fontes") (Doc. 25).

2.      As stated in the correspondence dated August 14, 2025, attached to Mot. to Compel (Doc. 7) as Exhibit 7 to the Memorandum in Support (Doc. 8-3), the United States seeks these documents under the CRA to evaluate Arizona's compliance with the State's list maintenance duties under HAVA and the NVRA.

3.      HAVA requires that "an application for voter registration for an election for Federal office may not be accepted or processed by a State unless the application includes" the applicant's driver's license number or if that is unavailable, the last four digits of the Social Security number. 52 U.S.C. § 21083(a)(5)(A)(i). That information is necessary to identify duplicate registration records, registrants who have moved, registrants who have died, and those who are not eligible to vote in federal elections.

4.      To ascertain whether a jurisdiction engages in practices that violate federal law (whether HAVA, the NVRA, the Voting Rights Act or any other one), the Attorney General needs to examine both applications to register to vote *and* the final voting rolls, including the electronic statewide voter registration database ("VRDB"), so as to assure herself that the applications are being properly processed and that reasonable and nondiscriminatory list maintenance efforts have been practiced.

5.      Contrary to what Defendant contends, the records the United States is seeking to compel are not intended "to build a nationwide voter registration database." Def.'s Mot., Doc. 25 at 8-10. Rather, the records sought from Arizona are necessary to perform an individualized assessment of the State's efforts to comply with the list maintenance requirements of HAVA and the NVRA. A United States District Court rejected near-identical claims in its order denying reconsideration of proposed intervenor's motion in *United States of America v. North Carolina State Board of Elections, et al.*, Case No. 5:25-cv-00283-M-RJ (E.D.N.C.). A true and correct copy of its January 12, 2026 Order is attached as Exhibit 6.

2

6.      When the Civil Rights Division performs this individualized assessment, the State's SVRL is compartmentalized and maintained by the Civil Rights Division separately from the SVRL of any other State. The maintenance, use, and destruction of those records is in full compliance with the requirements in the CRA, Privacy Act, and all other federal laws governing the records.

7.      An Initial Privacy Assessment (IPA) Determination was issued on October 12, 2012, showing that no Privacy Impact Assessment is required for the Justice Consolidated Office Network (JCON) system where personal identifying information associated with the United States' CRA demand is stored.

8.      The United States previously has pursued successful matters, including in litigation, to obtain statewide voter registration lists under Title III of the Civil Rights Act ("CRA"). For example, in a Georgia CRA matter, the United States obtained the SVRLs, including drivers' license numbers and last four digits of the registrant's social security number, to evaluate compliance with the NVRA, including that Act's list maintenance requirements.

9.      A true and accurate copy of the Complaint filed in *United States v. Georgia*, Case No. 1:06-cv-02442-CC (N.D. Ga. filed Oct. 12, 2006), is attached as Exhibit 7.

10.      On October 27, 2006, the Court entered a Consent Decree in *Georgia* requiring the state to produce its SVRL to the United States. A true and accurate copy of the *Georgia* Consent Decree is attached as Exhibit 8.

11.      Recent enforcement efforts by the Attorney General demonstrate the need for federal scrutiny, as Congress contemplated in authorizing the Attorney General to bring enforcement actions under HAVA and the NVRA.

12.      In 2025, North Carolina election officials admitted that the state "maintained and used a HAVA List that includes records that do not comply with the requirements for Federal elections under Section 303(a)(5)." *See United States v. N. Carolina Bd. of Elections*, above ¶ 5, Consent J. & Order at 4 (E.D.N.C. Sept. 8, 2025). Specifically, the State's HAVA List included over one hundred thousand active voter records that were missing one of the identification numbers required by HAVA: the registrant's driver's license number, the last four

3

numbers of the registrant's social security number, or a unique identifying number if the registrant had neither a driver's license nor a social security number. A true and accurate copy of the *North Carolina* Consent Judgment and Order is attached as Exhibit 9.

13.     As a result of the Attorney General's enforcement action, North Carolina has reduced the number of voter records missing an identification number under HAVA from 103,329 to 70,709. *See N. Carolina Bd. of Elections*, Defs.' 2d Status R. at 2 (E.D.N.C. Jan. 30, 2026). A true and accurate copy of the Second Status Report from the *North Carolina* litigation is attached as Exhibit 10.

14.     As stated in the initial Declaration, the United States has reached out to states to address any reasonable privacy concerns without impeding the Attorney General's authority to enforce federal law.

15.     To that end, the United States has offered states, including Arizona, an MOU memorializing these requirements. As of March 13, 2026, fourteen states have provided their SVRLs without any MOU, and two states have agreed to provide their SVRL under the terms of the MOU.

16.     A true and accurate copy of cited excerpts from the report by the National Commission on Federal Election Reform (the Ford-Carter Commission), entitled "To Assure Pride and Confidence in the Electoral Process (Aug. 2001)," is attached as Exhibit 11.

I declare under the penalty of perjury that the above statements are true and correct. Executed on March 13, 2026.

Dated: March 13, 2026, at Washington, D.C.

*/s/Eric Neff*
Eric Neff

4