Victoria Lopez (Bar No. 330042)
Lili Nimlo (Bar No. 038535)
ACLU Foundation of Arizona
2712 N. 7th Street
Phoenix, AZ 85014
(602) 650-1854
vlopez@acluaz.org
lnimlo@acluaz.org

Jonathan Topaz*
Theresa J. Lee*
Sophia Lin Lakin*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
jtopaz@aclu.org
tlee@aclu.org
slakin@aclu.org

Sarah Brannon*
Patricia Yan*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20001
(202) 457-0800
sbrannon@aclu.org
pyan@aclu.org

*admitted pro hac vice

Attorneys for Proposed Amici Curiae
Common Cause, Shannon Roivas, Caleb D.
Trevino, and Kara Janssen

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    *Plaintiff*,<br><br>v.<br><br>Adrian Fontes, in his official capacity as Secretary of State for the State of Arizona,<br><br>    *Defendant*. | No. 2:26-cv-00066-SMB<br><br>**UNOPPOSED MOTION OF COMMON CAUSE, SHANNON ROIVAS, CALEB D. TREVINO, AND KARA JANSSEN FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE*** |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD ........................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

CONCLUSION .................................................................................................................. 7

**INTRODUCTION**

The United States seeks to force Arizona to turn over voters' sensitive personal information and data. It has been widely reported that the United States intends to use this data to build an unauthorized national voter database and to target voters for potential challenges and disenfranchisement. *See* Dkt. No. 14 at 5–7. These efforts are being driven by self-styled "election-integrity" advocates who have previously used ill-conceived database-matching and database-analysis methods to mass-challenge voters and deny the results of elections, and who now serve in or advise the present Administration. *See id.* at 6–7 & nn.4–5. The United States' own representations to states confirm suspicions of federal overreach. *See id.* at 7.

Proposed *Amici Curiae* are Common Cause, a nonpartisan, good-government organization dedicated to grassroots voter engagement in Arizona, whose members and whose own work are at risk by the relief sought by the United States in this case, as well as Shannon Roivas, Caleb D. Trevino, and Kara Janssen, Arizona voters whose personal, private data is at risk in this litigation. Proposed *Amici* have a strong interest in preventing disclosure of the most sensitive aspects of Arizona's non-public voter data. Common Cause has an interest in protecting the voting and privacy rights of its members and all Arizona voters. The relief the federal government seeks risks discouraging Arizona residents from registering to vote, undermining Common Cause's work. And the privacy and voting-rights interests of Common Cause's members and of the individual voters *Amici* are also directly at stake. As such, proposed *Amici* have an interest in this case and seek to provide the Court with additional views to further inform its evaluation of the pending motions to dismiss.

1

Proposed *Amici* sought to intervene in the instant action. The Court denied their intervention on March 9, 2026. As such, Proposed *Amici* seek to file here as they believe that their perspective would "assist[] in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Proposed *Amici* conferred with counsel for the United States and counsel for Secretary Fontes on this motion for leave, and both parties take no position.

## LEGAL STANDARD

While there is no Federal Rule of Civil Procedure that applies to amicus briefs at the district court level, federal district courts possess the inherent authority to accept amici briefs. *See, e.g.*, *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249, n.34 (11th Cir. 2006) ("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."); *Linthicum v. Wagner*, No. 6:23-cv-01624-AA, 2023 WL 8602152, at *1 (D. Or. Dec. 12, 2023) ("While there is no rule addressing the filing of an *amicus* brief in a district court, 'the Ninth Circuit has held that a district court has broad discretion in the appointment of *amicus curiae*.'" (citation omitted)); *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("[D]istrict courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure").

The "classic role of *amicus curiae*" is "assisting in a case of general public interest,

2

supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co.*, 694 F.2d at 204. District courts in the Ninth Circuit routinely grant leave for amicus curiae to appear. *Hoptowit*, 682 F.2d at 1260 (a "district court has broad discretion to appoint amici curiae," such that an appellate court will not reverse absent abuse of discretion); *see, e.g.*, *Int'l Partners for Ethical Care Inc. v. Inslee*, No. 3:23-cv-05736-DGE, 2024 WL 416859, at *1 (W.D. Wash. Feb. 5, 2024); *Kingdom v. Biden*, No. 21-cv-00243-LEK-RT, 2021 WL 4956507, at *1 (D. Haw. Sept. 30, 2021); *Linthicum*, 2023 WL 8602152, at *1 (granting motion to appear as amicus because organization is likely to lend a "unique perspective on the issues presented, which may assist the Court in adjudicating the pending motion"). Leave is generally allowed when "amicus has an interest in some other case that may be affected by the decision in the present case, or . . . has unique information or perspective that can help the court . . . ." *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

## ARGUMENT

Proposed *Amici* are a membership organization with more than 30,000 members in Arizona and three individual Arizona voters whose own personal information is at risk in this action. Proposed *Amicus* Common Cause is a nonpartisan organization committed to, inter alia, ensuring that all eligible Arizona voters register to vote and exercise their right of suffrage at each election. Common Cause expends significant resources conducting on-the-ground voter engagement and assistance efforts, including registering qualified

3

individuals to vote, helping voters navigate the vote-by-mail process, encouraging voters to participate in elections, and assisting voters when they experience problems in trying to vote. The success of these efforts, especially with respect to voter registration, depends on voters' trust that, when they provide personal information to the State as part of the registration process, that information will not be abused, their privacy will be respected, and their right to participate will be honored. As a membership organization that works to advance democracy in Arizona, Common Cause has an interest in this action which places sensitive voter registration at risk. Common Cause has also been engaged in many of the materially identical lawsuits the Department of Justice ("DOJ") has filed in other states in which the United States has sought the same information, and so has familiarity with and expertise related to the issues presented in this case.

Proposed *Amicus* Shannon Roivas is a registered Arizona voter who moved to the state from North Carolina in 2019. Ms. Roivas is a seventh-year PhD candidate, who because of her studies and work in science, has had to move around and has been meticulous in keeping her documentation and voter registration up to date, including when she moved to Arizona. The right to vote is important to Ms. Roivas, and she has significant concerns about DOJ's demand for her sensitive personal information.

Proposed *Amicus* Caleb D. Trevino is also a registered Arizona voter and a naturalized citizen. Born in Mexico, he moved to the United States and became a naturalized U.S. citizen as a young child. Mr. Trevino registered to vote in 2018 and cares deeply about his fundamental right to vote and voter privacy. Mr. Trevino was unable to vote in the 2024 election because he was moving within Arizona at the time and his updated

voter registration was not processed in time. Mr. Trevino believes that DOJ's demand in this litigation threatens not just his own privacy and personal liberties, but those of other Arizona voters. Moreover, as a naturalized citizen, Mr. Trevino is particularly aware of the risk such voters face of being erroneously identified as ineligible to vote.

Proposed *Amicus* Kara Janssen is registered Arizona voter who has lived in Arizona her whole life. Over a decade ago, Ms. Janssen was convicted for drug-related felony offenses. She has now been out of prison for seven years and had her voting rights restored approximately one year ago. Ms. Janssen's experience with incarceration inspired her to become an advocate for criminal system reform. She helped lead the ACLU of Arizona's Smart Justice Initiative and founded the non-profit organization We Stand, AZ. Ms. Janssen views her right to vote as an important way to have her voice heard on issues that matter to her and was excited to vote for the first time last year. However, Ms. Janssen also notes that having a criminal record comes with stigma and discrimination, which makes her particularly concerned about the privacy of her personal information. She worries that disclosure of the information as requested by the DOJ will deter eligible Arizona voters like her with criminal records from registering to vote.

First, as further detailed in the attached proposed Brief, proposed *Amicus* Common Cause has a strong, direct interest in ensuring that the voting and privacy rights of its members and other Arizona voters are not infringed upon by the disclosure of sensitive personal voter information. As a membership organization, Common Cause can stand in the shoes of its members to ensure this perspective is provided to the Court. Any decision other than dismissal would imperil voter privacy as well as chill voter participation,

5

including among Common Cause's members. And for Ms. Roivas, Mr. Trevino, and Ms. Janssen, this is a critical, personal interest. Proposed *Amici* all have a unique perspective in ensuring both privacy and democracy, the two key values at risk by the expansive disclosure authority claimed by Plaintiff in this case.

Second, proposed *Amicus* Common Cause is presently involved in numerous of the parallel lawsuits the United States has brought against other states seeking the same unredacted voter records at issue here. *See, e.g.*, Order, *United States v. DeMarinis*, 1:25-cv-03934, Dkt. No. 38 (D. Md. Feb. 2, 2026) (granting intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Thomas*, No. 3:26-cv-21, Dkt. No. 40 (D. Conn. Jan. 29, 2026) (granting intervention to Common Cause and an individual voter); Order, *United States v. Wisc. Election Comm'n*, No. 3:25-cv-01036 (W.D. Wisc. Jan. 22, 2026), Dkt. No. 53 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Pennsylvania*, No. 25-cv-01481 (W.D. Pa. Jan. 16, 2026), Dkt. No. 105 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Simon*, No. 25-cv-3761 (D. Minn. Jan. 6, 2026), Dkt. No. 90 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Text Order, *United States v. Amore*, No. 25-cv-00639 (D.R.I. Jan. 6, 2026) (granting intervention as of right to Common Cause, individual voters, and other non-profit organizations); Electronic Order, *United States v. Galvin*, No. 25-cv-13816 (D. Mass. Jan. 6, 2026), Dkt. No. 30 (granting intervention to Common Cause, individual voters, and other non-profit organizations); Order, *United States v. Oliver*, No. 25-cv-01193 (D.N.M. Dec.

6

19, 2025), Dkt. No. 25 (granting intervention to Common Cause and individual voters). As such, proposed *Amicus* is well-versed on the law and the arguments that will be brought before the Court and has expertise on voting-related issues that would benefit the Court.

Finally, the proposed participation of *Amici* will not disrupt the briefing schedule, which remains ongoing. Because proposed *Amici* do not seek any further appearance in the case, no parties would be prejudiced by their participation.

## CONCLUSION

For the foregoing reasons, the Court should grant Common Cause, Ms. Roivas, Mr. Trevino, and Ms. Janssen's motion for leave to file an *amici curiae* brief in support of the pending motions to dismiss.

Dated: April 8, 2026

Jonathan Topaz*
Theresa J. Lee*
Sophia Lin Lakin*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
jtopaz@aclu.org
tlee@aclu.org
slakin@aclu.org

Sarah Brannon*
Patricia Yan*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20001
(740) 632-0671
sbrannon@aclu.org
pyan@aclu.org

*admitted pro hac vice*
*Attorneys for Proposed Amici Curiae*
*Common Cause, Shannon Roivas, Caleb D.*
*Trevino, and Kara Janssen*

Respectfully submitted,

*/s/ Lili Nimlo*
Lili Nimlo
Victoria Lopez
ACLU Foundation of Arizona
2712 N. 7th Street
Phoenix, AZ 85014
(602) 650-1854
lnimlo@acluaz.org
vlopez@acluaz.org

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the attached document to the Clerk's office using the CM/ECF system for filing.

/s/ *Lili Nimlo*
Lili Nimlo

8